**FIVE STAR MANUFACTURING, INC., Plaintiff–Appellant,**

v.

**RAMP LITE MANUFACTURING, INC., Defendant–Cross Appellant.**

**Nos. 99–1573, 99–1574.**

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Before BRYSON and DYK, Circuit Judges, PLAGER, Senior Circuit Judge.

## DECISION

PER CURIAM.

Five Star Manufacturing, Inc. ("Five Star") appeals from a jury verdict and final judgment of the District Court for the District of Kansas, dismissing Five Star's claim for infringement against Ramp Lite Manufacturing, Inc. ("Ramp Lite") and declaring U.S. Patent No. Des. 331,305 invalid for functionality. Ramp Lite cross-appeals, seeking a declaration that the '305 patent is not infringed and is invalid for obviousness, improper inventorship, and

an on-sale bar. Ramp Lite also seeks a declaration that Five Star is estopped from asserting the '305 patent against Ramp Lite and requests a remand in order to determine whether the '305 patent is unenforceable due to inequitable conduct. Because there is substantial evidence to support the jury's verdict of invalidity for functionality of the patented design, we *affirm.* Ramp–Lite's cross-appeal is *dismissed as moot.*

## DISCUSSION

A. The '305 patent claims an ornamental design for an arched lawnmower ramp as shown in Figures 1–12 of the patent. Figure 1 is a representative embodiment:

Ramp Lite introduced evidence that each element of the patented design serves a functional, rather than ornamental, purpose. In particular, Ramp Lite relied on deposition testimony from one of the inventors, J. Doyle Woodward, who agreed that each design element–the arch of the ramp, the spacing, placement and shape of the cross-pieces, the placement of the anchors at the upper end of the ramp, the use of a longitudinal center support beam, and the shape and size of the side rails–was functional. His testimony was generally corroborated by the other co-inventor and by Ramp Lite's president. Finally, Mr. Woodward testified that he considered trying to obtain a utility patent on his

lawnmower ramp, but discovered relevant prior art that would bar such an attempt.

Ramp Lite also introduced evidence that alternative ramp designs would either cost more or lack the functionality of the patented design. For instance, some alternative designs proposed by Five Star would cause slippage or traction problems. Others would not be as effective in loading certain models of lawnmowers. Still others would require the use of additional materials, increasing the weight or cost of the lawnmower ramp. Even Five Star's president testified that the proposed alternative designs would cost "somewhere between five, seven dollars difference, maybe, total in a ramp."

The design of a utilitarian article is deemed to be functional when the appearance of the claimed design is dictated by the use or purpose of the article. *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1123, 25 USPQ2d 1913, 1917 (Fed.Cir.1993). While the functionality of each of the various elements that comprise the patented design may be relevant, the ultimate question is whether the claimed design, viewed in its entirety, is dictated by the utilitarian purpose of the article. *Id.; see also Power Controls Corp. v. Hybrinetics, Inc.,* 806 F.2d 234, 239, 231 USPQ 774, 777–78 (Fed.Cir.1986) (finding that testimony from an inventor as to the functionality of each feature of a patented design is evidence of the functionality of the patented design). Here the evidence is sufficient to support the jury's finding by clear and convincing evidence that the claimed design in its entirety was dictated by a utilitarian purpose. The testimony of both inventors as to the functional aspects of their invention and the testimony of Ramp Lite's president all support the contention that the patented design is merely functional.

Evidence that there are multiple ways to achieve the same functions achieved by the patented design may suggest that the patented design serves a primarily ornamental purpose. *L.A. Gear*, 988 F.2d at 1123, 25 USPQ2d at 1917. In this case, however, the evidence is to the contrary. Ramp Lite presented substantial evidence that alternative designs did not achieve the same functions and cost significantly more. Even Five Star admitted that its proposed alternatives would cost more. Thus, this case is clearly distinguishable from *L.A. Gear*, in which the patentee introduced evidence indicating that "a myriad of athletic shoe designs" could achieve the same functions that were achieved by the patented design.

That the jury may have discredited some evidence presented by Five Star is not a ground for reversal. Whether a patented design is functional or ornamental is a question of fact, *see Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1460, 43 USPQ2d 1887, 1890 (Fed.Cir.1997), and the jury's verdict will not be disturbed simply because the jury credited the testimony of one witness rather than another.

B. In its cross-appeal, Ramp Lite raises a number of additional defenses related to the non-infringement, invalidity and enforceability of the '305 patent. Because we uphold the jury's verdict that the '305 patent is invalid for functionality of design, we do not reach those issues. Ramp Lite's cross-appeal is dismissed as moot. The judgment of the district court is affirmed.