**FIVE STAR MANUFACTURING, INC., Plaintiff,**

v.

**RAMP LITE MANUFACTURING, INC., Defendant.**

**Civil Action No. 97–2430–GTV.**

United States District Court, D. Kansas.

March 28, 2002.

Richard P. Stitt, Spencer, Fane, Britt & Browne, Kansas City, MO, J. Charles Droege, Overland Park, KS, for Plaintiff.

Charles E. Fowler, III, Andrew & Fowler, Chtd., Leawood, KS, Seth M. Nehrbass, Nehrbass@aol.com, Pravel, Hewitt, Kimball & Krieger, Metairie, LA, for Defendant.

## MEMORANDUM AND ORDER

G. THOMAS VanBEBBER, Senior District Judge.

In this action brought by Plaintiff claiming that Defendant infringed on its design patent and its trade dress for an arched metal ramp to be used for loading lawnmowers, the court has under consideration the Motion for Attorneys Fees, Costs, Expenses, and Sanctions (Doc. 109) filed by the defendant Ramp Lite Manufacturing, Inc. Defendant Ramplite prevailed at trial, and now seeks to recover attorney's fees and expenses under 15 U.S.C. § 1117 (Lanham Act), 35 U.S.C. § 285 (Patents Act of 1952), Fed.R.Civ.P. 11, and 28 U.S.C. § 1927. Also under consideration is the Motion to Strike (Doc.125) filed by the plaintiff Five Star Manufacturing, Inc. The Motion to Strike is addressed to a reply (Doc. 122) that the defendant filed to Plaintiff's response (Doc. 119) to the motion seeking attorney's fees and sanctions. For the reasons explained in this Memo-

randum and Order, both motions are denied.

At the time of filing its complaint, Plaintiff also filed a motion for a preliminary injunction, and after conducting a hearing on the motion, the court denied the preliminary injunction. The parties engaged in considerable discovery, following which the defendant filed a motion for summary judgment. The court denied Defendant's motion for summary judgment, concluding that there were genuine issues of material fact as to whether Plaintiff's design of the ramp in question was ornamental or if it was functional; similarly, the court found that there were genuine issues of material fact concerning the likelihood of confusion among the ramps.

The case proceeded to a jury trial, and the jury answered special questions submitted to it. The jury found by clear and convincing evidence that Plaintiff's design patent was invalid, because the design was primarily functional. The court also denied Plaintiff's claim for a permanent injunction for the same reason. Judgment was entered in favor of the defendant dismissing the action, with Defendant to recover its costs. The plaintiff appealed to the United States Court of Appeals for the Federal Circuit where the judgment was affirmed in a per curiam opinion. *Five Star Manufacturing, Inc. v. Ramp Lite Manufacturing, Inc.*, 4 Fed. Appx. 922, 2001 WL 120070 (Fed.Cir.2001). Defendant has amended its motion (Doc. 134) for fees and sanctions to add a claim for fees related to the appeal.

The court turns first to Plaintiff's Motion to Strike (Doc. 125). Plaintiff's counsel asks the court to strike allegations contained in Defendant's reply memorandum to Plaintiff's response to Defendant's motion for attorney's fees and sanctions. Plaintiff's counsel claims that a number of statements made in the reply are nothing more than personal attacks on them. The

court has examined the reply, and agrees with Plaintiff's counsel that the document contains considerable questionable and inappropriate material inconsistent with this court's goal of maintaining civility in the litigation before it. However, the court declines to strike it, and the motion to strike is denied.

Both the Lanham Act, 15 U.S.C. § 1117, and the Patents Statute, 35 U.S.C. § 285, provide that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The language is identical in both statutes.

 The court will next consider Defendant's request for fees in connection with Plaintiff's patent infringement claim. An award of attorney fees under 35 U.S.C. § 285 is discretionary with the court, but such discretion may only be exercised upon a specific finding of exceptional circumstances, including, "inter alia, inequitable conduct during prosecution of a patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." *Bayer Aktiengesellschaft v. Duphar International Research B.V.*, 738 F.2d 1237, 1242 (Fed.Cir.1984) (footnotes omitted). The factual determination of exceptional circumstances by this court is reviewable under a clear error standard. It is a two-pronged inquiry, and the second prong-whether to award fees-is reviewed under an abuse of discretion standard. *Motorola, Inc., v. Interdigital Technology Corp.*, 121 F.3d 1461, 1467 (Fed.Cir.1997). See also *CTS Corp. v. Piher International Corp.*, 727 F.2d 1550, 1557 (Fed.Cir.1984) (proper to deny attorney's fees for filing meritless motion to modify consent judgment where motion was neither frivolous nor brought only for harassment or delay).

 I am unable to find that this is an exceptional case. I presided over the trial of this case, and have reviewed its history as disclosed by the pleadings and other

papers which constitute the record of the case in the office of the clerk of this court. I do not find that Plaintiff was guilty of inequitable conduct during prosecution of its patent claim, nor of such egregious misconduct during this litigation as to persuade this court that it is an exceptional case; neither do I find that this litigation was vexatious, or frivolous. Plaintiff's patent infringement claim was sufficiently supported to survive a motion for summary judgment as well as motions for judgment as a matter of law at trial. Defendant's claim for attorney fees under the Patent Act, 35 U.S.C. § 285 is denied.

■ Defendant also seeks to recover attorney fees under the Lanham Act, 15 U.S.C. § 1117. Defendant seems to base this claim on the fact that Plaintiff voluntarily dismissed its claim for infringement of "trade dress" shortly before trial. The court thus assumes that Defendant was the prevailing party on this claim. However, the court does not find that this is an exceptional case under 15 U.S.C. § 1117. The Tenth Circuit Court of Appeals has held that under this statute, the award of attorney fees is discretionary with the district court. *National Association of Professional Baseball Leagues, Inc., v. Very Minor Leagues, Inc.,* 223 F.3d 1143, 1146 (10th Cir.2000), and even in exceptional cases the award is vested in the district court's discretion. *Id.* Referring to the legislative history to the statute, the court observed that there are two considerations for prevailing defendants who seek attorney fees. "One, an objective consideration, is whether the suit was 'unfounded.' The other, a subjective consideration, is whether the suit was brought by the trademark owner 'for harassment and the like.'" *Id.* (internal citations omitted). The court went on to say: "No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bring-

ing the suit, (3) the unusually vexatious and oppressive manner in which it was prosecuted, or (4) perhaps for other reasons as well." *Id.* at 1147.

The same reasons apply to denying Lanham Act fees as were discussed previously in the denial of an award of attorney fees under the Patent Act. The court finds that Plaintiff's suit did not lack foundation. The trade dress claim survived Defendant's motion for summary judgment. In addition, the court does not find that the action was brought in bad faith, nor in an unusually vexatious and oppressive manner. Defendant's request for attorney fees under the Lanham Act is denied.

■ For the same reasons that the court has denied Defendant's request for attorney fees under the Patent Act and the Lanham Act, Defendant's request for the imposition of sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are denied.

■ Even if the court should find that this was an exceptional case, and that in its discretion attorney fees should be allowed, and sanctions imposed under Rule 11 or 28 U.S.C. § 1927, Defendant has not submitted sufficient data upon which the court could base an award. Defendant has requested $198,681.99 in attorney fees and expenses. This request is supported only by the declarations of Seth M. Nehrbass and Charles E. Fowler III. Mr. Nehrbass's declaration states simply that the law firm of Pravel, Hewitt, Kimball and Krieger billed Defendant $37,678.75 for attorney fees and $2,334.58 for expenses related to this litigation; that the law firm of Garvey, Smith, Nehrbass and Doody billed Defendant $76,332.00 for attorney fees and $4,961.12 for expenses through July 31, 1999; and that the Garvey, Smith, Nehrbass and Doody firm billed Defendant $42,-55.50 for attorney fees and $782.33 for expenses from August 1, 1999, through February 28, 2001. Mr. Fowler's declara-

tion states that the firm of Andrews and Fowler billed Defendant $29,468.62 for attorney fees and $4,565.09 for expenses. The declarations are accompanied by tables which show only the dates of billing by the law firms, the invoice numbers, the fees, the expenses, and the total; there is a complete lack of any information relating to the work done, who did it, the tasks performed, or the time spent in performance of the tasks.

 The determination of what constitutes a reasonable attorney fee involves a two-step process. First, the court must ascertain the number of hours reasonably expended by Defendant's attorneys over the course of the litigation and multiply it by a reasonable hourly rate. See *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This figure is frequently referred to as the "lodestar." See *City of Riverside v. Rivera,* 477 U.S. 561, 568, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Second, the court must consider whether an adjustment should be made to the lodestar. *Id.* The submissions by counsel for Defendant fall far short of what is required in support of a request for fees and expenses. The court lacks sufficient information to enable it to determine the reasonableness of the request. The court has no basis for determining the number of hours reasonably spent on this litigation, nor for making any adjustment. Defendant's counsel, in his supporting memoranda, states that he will make copies of the billing invoices available to the court. Such an offer is inadequate. The court is not required to assume the burden of going through the mass of counsel's billing records to parse out allowable hours, and declines to do so. This burden rests upon the party requesting an allowance of fees and expenses.

IT IS, THEREFORE, BY THE COURT ORDERED, that the Motion for Attorneys Fees, Costs, Expenses, and Sanctions (Doc. 109) of the Defendant Ramp Lite is denied, and that the Motion to Strike (Doc.125) filed by the plaintiff Five Star Manufacturing is also denied.

The clerk is directed to transmit copies of this order to counsel of record.

**BY THE COURT IT IS SO ORDERED.**